IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RAMON NAVARRO LUPERCIO,**<br><br>                               Petitioner,<br><br>   **v.**<br><br>**STU SHERMAN, Warden,**<br><br>                               Respondent. | Case No. 1:15-cv-00915 MJS (HC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2244(b)**<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT COURT JUDGE TO THE PRESENT MATTER** |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus under 28 U.S.C. § 2254.

In the petition filed on June 17, 2015, Petitioner challenges an October 13, 2003 conviction in the Superior Court of California, County of Tulare for attempted murder with use of a firearm. Petitioner was sentenced to an indeterminate state prison term of thirty two (32) years to life.

A review of the Court's dockets and files shows Petitioner has previously sought habeas relief with respect to this conviction. In case number 1:08-cv-00012-LJO-JLT (HC), Petitioner challenged the same underlying conviction. On January 22, 2009, the

1    petition was denied as untimely.[1] See Lupercio v. Gonzalez, E.D. Cal. Case No. 1:08-cv-
2    00012-LJO-JLT (HC), ECF Nos. 15, 18.

3    **I.     DISCUSSION**

4            A court must dismiss a second or successive petition that raises the same
5    grounds as a prior petition.  28 U.S.C. § 2244(b)(1).  A court must also dismiss a second
6    or successive petition raising a new ground unless the petitioner can show that 1) the
7    claim rests on a new constitutional right, made retroactive by the United States Supreme
8    Court or 2) the factual basis of the claim was not previously discoverable through due
9    diligence, and these new facts establish by clear and convincing evidence that but for
10   the constitutional error, no reasonable factfinder would have found the applicant guilty of
11   the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court
12   that decides whether a second or successive petition meets these requirements; the
13   Petitioner must first file a motion with the appropriate court of appeals to be authorized to
14   file a second or successive petition with the district court.

15           Section 2244 (b)(3)(A) provides: "Before a second or successive application
16   permitted by this section is filed in the district court, the applicant shall move in the
17   appropriate court of appeals for an order authorizing the district court to consider the
18   application." In other words, Petitioner must obtain leave from the Ninth Circuit before he
19   can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S.
20   651, 656-657 (1996). This Court must dismiss any second or successive petition unless
21   the Court of Appeals has given Petitioner leave to file the petition because a district court
22   lacks subject-matter jurisdiction over a second or successive petition. Greenawalt v.
23   Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997).

24           Because the current petition was filed after April 24, 1996, the provisions of the
25   Antiterrorism and Effective Death Penalty Act of 1996 apply to Petitioner's current

26

27           [1] In McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009), the Ninth Circuit held that dismissal of
     a habeas petition for failure to comply with the AEDPA statute of limitations renders subsequent petitions
28   challenging the same conviction successive.

petition. <u>Lindh v. Murphy</u>, 521 U.S. 320, 327 (1997).  Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file his successive petition attacking the conviction. That being so, this Court has no jurisdiction to consider Petitioner's renewed application for relief under Section 2254 and must dismiss the petition. <u>See Greenawalt</u>, 105 F.3d at 1277. If Petitioner desires to proceed in bringing this petition for writ of habeas corpus, he must file for leave to do so with the Ninth Circuit. <u>See</u> 28 U.S.C. § 2244(b)(3).

## II.    <u>ORDER AND RECOMMENDATION</u>

The Court RECOMMENDS that the petition for writ of habeas corpus be DISMISSED as successive.  Further, the Court ORDERS the Clerk of Court to assign a District Court judge to the instant matter.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c).

The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   __June 19, 2015__          /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28